IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

---

AARON RIDEOUT,

       **Plaintiff**

v.                                                                                              CASE NO.

EQUIFAX INFORMATION SERVICES, LLC.

and

TD BANK, N.A.,

       **Defendants**

---

## COMPLAINT

### INTRODUCTION

This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought by the plaintiff, Aaron Rideout, pursuant to the Maine Fair Credit Reporting Act 10 M.R.S.A. §1306 et seq. and Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. The Plaintiff brings this action for Defendants' wrongful furnishing, verification and reporting of inaccurate information in consumer reports relating to him.

### JURISDICTION

1. The jurisdiction of this Court is conferred by 10 M.R.S.A. §1310-E; 15 U.S.C. §1681p, 28 U.S.C. §1331 and 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District and Defendants were doing business in Maine during all relevant times.

### PARTIES

2. Plaintiff, Aaron Rideout, is a natural person and resident of the State of Maine. He is a "consumer" as defined by 10 M.R.S.A. §1308(2) and 15 U.S.C. §1681a(c).

3. Upon information and belief, Equifax Information Services, LLC ("Equifax") is a corporation authorized to do business in the State of Maine through its registered agent's office.

4. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 10 M.R.S.A. §1308(3) and 15 U.S.C. §1681a(f).

5. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 10 M.R.S.A. §1308(3) and 15 U.S.C. §1681a(d), to third parties.

6. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, TD Bank, N.A. ("TD Bank") is an issuer of credit cards doing business in the State of Maine.

8. At all times relevant to this action, Defendant TD Bank was a furnisher of consumer information to Defendant Equifax and other consumer reporting agencies, and furnished information relating to Plaintiff and a credit card account he had with TD Bank.

## FACTS

9. In 2010 Mr. Rideout settled an outstanding balance on an old TD Bank credit card account and the account was closed.

10. TD Bank continued to report an outstanding balance of $1,095.00 to one or more credit reporting agencies.

11. This reporting was the result of TD Bank's error and was inaccurate.

12. In October 2013 Mr. Rideout began looking for financing to purchase a home for which he had signed a purchase and sale agreement. His first application was to University Credit

Union.

13.     When the credit union checked Mr. Rideout's credit, he learned for the first time that TD Bank was reporting inaccurate information regarding his credit card account (the "TD Bank tradeline").

14.     Mr. Rideout immediately contacted TD Bank and on or about October 23, 2013 he had a conversation with Eric Therrien in TD Bank's Recovery Department who confirmed that the credit card account had been paid in 2010.  Mr. Therrien faxed a letter to this effect on October 24, 2013 (the "October 23, 2013 Therrien Letter").

15.     On or about October 23, 2013, Mr. Rideout disputed the erroneous TD Bank information pursuant to the FCRA to Equifax and Trans Union using the online dispute options for each agency.

16.     After receiving the October 23, 2013 Therrien Letter Mr. Rideout attempted to add this documentation to his Equifax and Trans Union disputes but could not find any way to upload documents online.

17.     During the last week of October, 2013 Mr. Rideout called Trans Union and asked if he could fax the letter from TD Bank to support his dispute.  Trans Union provided a fax number and he sent the letter.

18.     During the last week of October, 2013 Mr. Rideout called Equifax and asked if he could fax the letter from TD Bank to support his dispute.  The Equifax representative told him he could not send the letter; that he had to wait for TD Bank to respond to the dispute.

19.     As of October, 2013 Equifax's online dispute system did not allow users to upload or otherwise submit supporting documents.

20.     As of October, 2013, it was the policy of Equifax not to allow a consumer who

initiated a dispute online to provide additional documents.

21. Upon information and belief, Equifax forwarded the dispute to TD Bank pursuant to FCRA procedures.

22. At the end of October, 2013 Mr. Rideout was denied for the mortgage he had sought at the credit union, at least substantially, because of the erroneous TD Bank balance information on his credit report.

23. On October 31, 2013 TD Bank sent Mr. Rideout a second letter confirming that the disputed information was inaccurate and stating that the information has been updated with all three credit reporting agencies.

24. Trans Union deleted the inaccurate TD Bank information in response to Mr. Rideout's dispute.

25. On or about November 8, 2013, Equifax wrote to Mr. Rideout reporting that TD Bank had verified the inaccurate information and Equifax continued to report the disputed balance information.

26. In early November Mr. Rideout began working with a new mortgage broker, Jim Collins, to try to salvage the home purchase.

27. During the following weeks Mr. Rideout's credit was pulled from Equifax numerous times for potential lenders. All of these reports included the inaccurate TD Bank tradeline.

28. Because of the inaccurate Equifax information on the TD Bank tradeline Mr. Collins was unable to obtain a loan for Mr. Rideout.

29. Throughout the month of November 2013 Mr. Rideout, his mortgage broker and its credit reporting agency, Birchwood Credit Services, repeatedly contacted TD Bank attempting to get the credit reporting corrected so that Mr. Rideout's mortgage could be approved. Mr. Rideout had

numerous phone conversations with TD Bank attempting to resolve the error.

30. The inaccurate reporting of the TD Bank account on his Equifax report was the sole or a substantial reason why Mr. Rideout could not obtain a mortgage.

31. On November 12, 2013 TD Bank sent Mr. Rideout a third letter acknowledging that the account had been reported with an outstanding balance due to bank error and apologizing.

32. Throughout the month of November 2013 Mr. Rideout checked his Equifax credit report almost daily and, despite TD Bank's assurances, Equifax continued to report an outstanding balance. Mr. Rideout had to pay for some of these credit reports.

33. The original closing date for the home purchase had to be extended and the seller became very impatient and almost backed out of the deal.

34. On December 2, 2013 Equifax finally deleted the outstanding balance on the TD tradeline on Mr. Rideout's report.

35. Soon afterward his mortgage was approved and the house purchase closed on January 3, 2014.

36. Mr. Rideout experienced tremendous stress and lost sleep as he struggled to keep his home purchase from derailing. He had trouble focusing at work and was very upset at the idea that he could not provide a home for his fiancé and future family. The stress put tremendous strain on his relationship with his fiancé as they attempted to buy their first house and plan their wedding.

37. As set forth above, TD Bank furnished inaccurate information relating to Mr. Rideout's credit card account to one or more consumer reporting agencies including Defendant Equifax.

38. As set forth above, Mr. Rideout communicated on one or more occasions to Defendant Equifax a dispute over the accuracy of its reports relating to the TD Bank tradeline.

39. As set forth above, Mr. Rideout attempted to provide Equifax with supporting documentation which would have led to the correction of the TD Bank tradeline but was rebuffed.

40. Upon information and belief, Defendant Equifax notified TD Bank of Mr. Rideout's dispute regarding the tradeline and requested TD Bank to investigate and verify or correct the information.

41. TD Bank knew that the disputed information was inaccurate.

42. Upon information and belief, TD Bank responded to Equifax's request for verification of the tradeline by wrongly verifying inaccurate information.

43. After Mr. Rideout's dispute, Defendant Equifax wrongly and inaccurately continued to report the disputed tradeline.

44. Defendants willfully or, in the alternative, negligently failed to comply with the requirements of the FCRA, and, in doing so, violated Plaintiff's rights.

45. Plaintiff was denied credit and/or was otherwise damaged after the Defendants' violations alleged herein, and the Defendants' violations were each a substantial cause in the denial of credit and/or other damage to Plaintiff on such occasions.

46. Defendants' violation of Plaintiff's rights under the FCRA caused Plaintiff loss of credit, costs associated with purchasing numerous credit reports, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

47. Upon information and belief, TD Bank and Equifax do not maintain adequate policies and procedures to ensure compliance with the Maine and Federal FCRAs, as evidenced by the conduct alleged herein

48. Upon information and belief, TD Bank and Equifax have engaged in a pattern and practice of noncompliance with the Maine and Federal FCRAs particularly the conduct alleged herein.

49. Defendants are each liable to Plaintiff for actual damages including compensatory and emotional distress damages, statutory damages and, for willful violations, treble and punitive damages against each Defendant as provided under the Maine and Federal FCRAs.

50. After receiving Plaintiff's notice of the inaccuracy and within the two years preceding the filing of this action, Equifax prepared and published to third parties one or more inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory TD Bank tradeline.

51. Equifax received Plaintiff's dispute, but wholly and entirely failed to conduct the reinvestigation required by law.

52. Equifax refused to accept relevant documents from the Plaintiff in support of his dispute.

53. Upon information and belief, Plaintiff alleges that Equifax forwarded Plaintiff's dispute to TD Bank. Upon information and belief, TD Bank was provided notice of Plaintiff's dispute and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACTS
### 15 U.S.C. §1681e(b) and 10 M.R.S.A. §1309(1)
### (Equifax)

54. The Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set out herein.

55. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintain concerning the Plaintiff.

56. As a result of the conduct, actions and inactions of Equifax, the Plaintiff suffered actual damages including, without limitation, loss of credit, costs associated with purchasing numerous credit reports, damage to reputation, embarrassment, humiliation and other emotional and

mental distress.

57. Equifax's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

58. Equifax's conduct is also in violation of the Maine FCRA 10 M.R.S.A. §1309(1) for failure to comply with the federal FCRA.

59. The Plaintiff is entitled to recover actual, statutory, and treble damages, and costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 10 M.R.S.A. §1310-C & D and 15 U.S.C.  §§1681n and o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACTS
### §15 U.S.C. 1681i and 10 M.R.S.A. §1309(1)
### (Equifax)

60. Plaintiff realleges and incorporates paragraphs 1 through 59 above as if fully set out herein.

61. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

62. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of the Plaintiff's disputes to TD Bank and/or by failing to include all relevant information regarding the Plaintiff's disputes.

63. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

64. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to promptly delete the disputed

inaccurate item of information from Plaintiff's credit files or modify the TD Bank reporting information upon an accurate reinvestigation.

65. As a result of the conduct, actions and inactions of Equifax, the Plaintiff suffered actual damages including, without limitation, loss of credit, costs associated with purchasing numerous credit reports, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

66. Equifax's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

67. The Plaintiff is entitled to recover actual damages, statutory damages, treble damages costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 10 M.R.S.A. §1310-C & D and 15 U.S.C. §§1681n and o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681s-2(b) and 10 M.R.S.A. §1309(1)
### (TD BANK)

68. Plaintiff realleges and incorporates paragraph 1 through 67 above as if fully set out herein.

69. Within two years prior to the filing of this suit, by example only and without limitation, TD Bank violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of its credit reporting after receipt of notice of such disputes from Equifax.

70. Within two years prior to the filing of this suit, by example only and without limitation, TD Bank violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) by failing to accurately and completely report the results of a lawful investigation to Equifax after notice of a

dispute.

71. Within two years prior to the filing of this suit, by example only and without limitation, TD Bank violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete and/or permanently block the reporting of inaccurate information regarding the Plaintiff to one or more credit reporting agencies.

72. As a result of the conduct, actions and inactions of TD Bank, the Plaintiff suffered actual damages including, without limitation, loss of credit, costs associated with purchasing numerous credit reports, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

73. TD Bank's conduct is also in violation of the Maine FCRA 10 M.R.S.A. §1309(1) for failure to comply with the federal FCRA.

74. TD Bank's conduct, action and inaction were willful, rendering TD Bank liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, TD Bank was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

75. The Plaintiff is entitled to recover actual damages, treble damages, statutory damages, costs and attorney's fees from TD Bank in an amount to be determined by the Court pursuant to 10 M.R.S.A. §1310-C & D and 15 U.S.C.  §§1681n and o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, treble, and punitive damages against Defendants, jointly and severally; for their attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

        Respectfully submitted

        **Aaron Rideout,**
        By his attorneys:


        <u>/s/ Andrea Bopp Stark</u>
        Andrea Bopp Stark
        Molleur Law Office
        419 Alfred Street
        Biddeford, ME  04005-3747
        207-283-3777
        andrea@molleurlaw.com



        Elizabeth A. Miller
        Attorney at Law
        *Pro hac vice* pending
        99 High Street, Suite 304
        Boston, MA 02110
        Telephone: (617) 478-4914
        elizabethamiller@comcast.net

Date:  October 21, 2015